IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ETHEL HODGES-GAINES, | ) | |
| SYLVIA WRIGHT, | ) | Civil Action No. |
| MARISSA WALKER, | ) | |
| AKEMA JOHNSON-DAY, | ) | |
| SHERON MICHAUD and | ) | |
| JANET BAKER, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| KAPLAN HIGHER EDUCATION | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Ethel Hodges-Gaines, Sylvia Wright, Marissa Walker, Akema Johnson-Day, Sheron Michaud and Janet Baker (hereinafter "Plaintiffs"), and file this lawsuit against Defendant Kaplan Higher Education Corporation (hereinafter "Defendant" or "the Company"), and show the following:

## JURISDICTION AND VENUE

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (hereinafter "FLSA"), to recover unpaid

federally mandated overtime wages to Plaintiffs, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.

Plaintiffs invoke the jurisdiction of this court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1343(4) of the FLSA.

3.

In accordance with 28 U.S.C. § 1391 and 29 USC § 216(b), venue is appropriate in this Court as Defendant's registered agent is located in the Northern District of Georgia.

**PARTIES**

4.

Plaintiffs are residents of the State of Georgia and reside in the Northern District of Georgia and are subject to the jurisdiction of this Court.

5.

Plaintiffs were "employees" of Defendant as defined under FLSA § 3(e), 29 U.S.C. § 203(e).

6.

During their employment with Defendant, Plaintiffs worked an amount of time that was more than forty (40) hours per workweek and were not paid an

overtime wage differential.

7.

Defendant is a licensed corporation that is entitled to do business in Georgia, and the unlawful employment practices described herein occurred at 1015 Windward Ridge Parkway, Alpharetta, Georgia 30005.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. § 216(b); LR 3, Northern District of Georgia.

8.

Defendant is a private corporation engaged in interstate commerce, with its gross revenues exceeding $500,000 per year.

9.

Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of FLSA § 3(r) and (s), 29 USC § 203(r) and (s).

10.

Defendant may be served with process via its Registered Agent, CT Corporation System at 1201 Peachtree Street, NE, Suite 1240, Atlanta, Georgia 30361.

11.

Defendant is an "employer" within the definition of the FLSA § 3(d), 29

USC § 203(d).  Defendant is governed by and subject to FLSA § 4 and § 7, 29 USC § 204 and § 207.

## **FACTUAL ALLEGATIONS**

12.

All Plaintiffs worked at Bauder College, which is owned by Defendant.

13.

Plaintiff Hodges-Gaines began working for Defendant in or around 1999 in Admissions.  She remained an Admissions Representative up until her termination on April 20, 2010.

14.

During Plaintiff Hodges-Gaines' employment with Defendant, she worked an amount of time that was more than forty (40) hours per workweek up to sixty (60) hours per week, including working late evenings, through her lunches and on the weekends and was not paid the overtime wage differential.

15.

Plaintiff Hodges-Gaines was paid a salary which was intended to compensate her for a forty hour work week.

16.

Anytime Plaintiff Hodges-Gaines asked about receiving overtime, she was

told that her department didn't get overtime and she was never paid overtime throughout her employment.

17.

Plaintiff Hodges-Gaines did not have any control over operational matters of Defendant and was not able to perform her job independently without supervision. Thus, she is a non-exempt employee and entitled to all her overtime wages worked.

18.

Plaintiff Wright began working for Defendant on January 28, 2008 in Admissions. She remained an Admissions Representative until her termination on April 20, 2010.

19.

During Plaintiff Wright's employment with Defendant, she worked an amount of time that was more than forty (40) hours per workweek up to sixty (60) hours per week, including working late evenings, through her lunches and on the weekends and was not paid the overtime wage differential.

20.

Plaintiff Wright was paid a salary which was intended to compensate her for a forty hour work week.

21.

Anytime Plaintiff Wright asked about receiving overtime, she was told that her department didn't get overtime and she was never paid overtime throughout her employment.

22.

Plaintiff Wright did not have any control over operational matters of Defendant and was not able to perform her job independently without supervision. Thus, she is a non-exempt employee and entitled to all her overtime wages worked.

23.

Plaintiff Walker began working for Defendant on October 1, 2008 in Admissions. She remained an Admissions Representative until her termination on April 20, 2010.

24.

During Plaintiff Walker's employment with Defendant, she worked an amount of time that was more than forty (40) hours per workweek up to sixty (60) hours per week, including working late evenings, through her lunches and on the weekends and was not paid the overtime wage differential.

25.

Plaintiff Walker was paid a salary which was intended to compensate her for a forty hour work week.

26.

Anytime Plaintiff Walker asked about receiving overtime, she was told that her department didn't get overtime and she was never paid overtime throughout her employment.

27.

Plaintiff Walker did not have any control over operational matters of Defendant and was not able to perform her job independently without supervision. Thus, she is a non-exempt employee and entitled to all her overtime wages worked.

28.

Plaintiff Johnson-Day began working for Defendant on October 15, 2007 in Admissions. She remained an Admissions Representative until her termination on April 20, 2010.

29.

During Plaintiff Johnson-Day's employment with Defendant, she worked an amount of time that was more than forty (40) hours per workweek up to sixty (60) hours per week, including working late evenings, through her lunches and on the

weekends and was not paid the overtime wage differential.

30.

Plaintiff Johnson-Day was paid a salary which was intended to compensate her for a forty hour work week.

31.

Anytime Plaintiff Johnson-Day asked about receiving overtime, she was told that her department didn't get overtime and she was never paid overtime throughout her employment.

32.

Plaintiff Johnson-Day did not have any control over operational matters of Defendant and was not able to perform her job independently without supervision. Thus, she is a non-exempt employee and entitled to all her overtime wages worked.

33.

Plaintiff Michaud began working for Defendant on June 1, 2006 in Admissions. She remained an Admissions Representative until her termination on April 20, 2010.

34.

During Plaintiff Michaud's employment with Defendant, she worked an amount of time that was more than forty (40) hours per workweek up to sixty (60)

hours per week, including working late evenings, through her lunches and on the weekends and was not paid the overtime wage differential.

35.

Plaintiff Michaud was paid a salary which was intended to compensate her for a forty hour work week.

36.

Anytime Plaintiff Michaud asked about receiving overtime, she was told that her department didn't get overtime and she was never paid overtime throughout her employment.

37.

Plaintiff Michaud did not have any control over operational matters of Defendant and was not able to perform her job independently without supervision. Thus, she is a non-exempt employee and entitled to all her overtime wages worked.

38.

Plaintiff Baker began working for Defendant on July 5, 2005 in Admissions. She remained an Admissions Representative until her termination on April 20, 2010.

39.

During Plaintiff Baker's employment with Defendant, she worked an amount of time that was more than forty (40) hours per workweek up to sixty (60) hours per week, including working late evenings, through her lunches and on the weekends and was not paid the overtime wage differential.

40.

Plaintiff Baker was paid a salary which was intended to compensate her for a forty hour work week.

41.

Anytime Plaintiff Baker asked about receiving overtime, she was told that her department didn't get overtime and she was never paid overtime throughout her employment.

42.

Plaintiff Baker did not have any control over operational matters of Defendant and was not able to perform her job independently without supervision. Thus, she is a non-exempt employee and entitled to all her overtime wages worked.

43.

Upon information and belief, all Plaintiffs signed into work each day on a sheet of paper, but were only allowed to put eight (8) hours into the computer, no

matter how many hours they worked.

## COUNT ONE

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE FAIR LABOR STANDARDS ACT

44.

During the period from 2005 until 2010, Defendant willfully employed Plaintiffs in the aforesaid enterprise for workweeks longer than forty (40) hours and failed to compensate them in excess of forty (40) hours per week at a rate of at least one and one half times her regular rate at which she was employed, contrary to § 7 of the FLSA, 29 U.S.C. § 207.

45.

Pursuant to FLSA § 16, 29 USC § 216, Plaintiffs bring this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, the costs of this litigation, and any other damages to which Plaintiffs are entitled under law.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(a)   Grant Plaintiffs a trial by jury as to all Counts in the Complaint;

(b)   Enter judgment awarding Plaintiffs unpaid wages pursuant to the FLSA, § 7, 29 U.S.C. § 207, FLSA § 6(d), 29 U.S.C. § 206(d),

liquidated damages as provided by FLSA § 216, 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to FLSA § 16, 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16, 29 U.S.C. § 216, and all other remedies allowed under the FLSA, including but not limited to punitive damages should they be permitted;

(c) Grant declaratory relief to the effect that Defendant has violated Plaintiffs' statutory rights; and

(d) Award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted this the 7th day of July, 2011.

**BARRETT & FARAHANY, LLP**

<u>/s/ Meredith J. Carter</u>
Meredith J. Carter
Georgia Bar No. 325422
Benjamin F. Barrett
Georgia Bar No. 039586

Attorneys for Plaintiffs

1100 Peachtree Street, NE, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
meredith@bf-llp.com
ben@bf-llp.com