IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ETHEL HODGES-GAINES, et al, : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:11-cv-2228-AT |
| : | |
| KAPLAN HIGHER EDUCATION : | |
| CORPORATION, : | |
| : | |
| Defendant. : | |

## **ORDER**

The parties filed a Joint Stipulation of Dismissal with Prejudice [Doc. 35] in this matter on October 5, 2012. The Stipulation indicates that "Plaintiffs represent that they have received all amounts they could have recovered in the lawsuit" and that no party is the prevailing party in the action.

The Fair Labor Standards Act ("FLSA") imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated damages" on employers who violate its requirement that overtime wages be paid. 29 U.S.C. § 216(b). Under the FLSA, there are only two routes for compromise of FLSA claims. "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). *See* 29 U.S.C. §

216(c) Alternatively, employees' claims may be compromised in a private FLSA action for back wages only after the district court reviews the proposed settlement and enters "a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

In the instant case, the parties filed the Joint Stipulation without seeking the Court's prior approval of the settlement reached, contrary to the requirements of applicable law.[1] The Court therefore directed the parties to submit for in camera review documentation regarding the parties' agreement and the basis of that agreement.

After review of the settlement agreement and related documentation pertaining to the terms of settlement as well as specific legal and evidentiary issues posed by the case, the Court finds the settlement agreement is the product of arm's length bargaining of qualified counsel. This settlement enables the parties to avoid recognized and real litigation risks posed by their respective positions. The provisions of the Agreement are fair, adequate, and reasonable.

THEREFORE, the Court **APPROVES** the Settlement Agreement as a fair, reasonable, and adequate resolution of this action. The Stipulation of Dismissal is therefore **APPROVED.**

---

[1] An effort to end-run well-established requirements for Court approval of FLSA settlements to avoid judicial scrutiny or maximize employer confidentiality is not acceptable. The Court cautions counsel not to proceed in this manner in the future.

It is so ORDERED this 26th day of October, 2012.

_____
Amy Totenberg
United States District Judge